UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION** at **LEXINGTON**

| | | |
|---|---|---|
| TEXAS LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. |
| | ) | 5:18-cv-640-JMH |
| | ) | |
| V. | ) | |
| | ) | |
| BARBARA JEAN ROBINSON, | ) | **MEMORANDUM OPINION** |
| *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*  \*\*  \*\*  \*\*  \*\*

This matter comes before the Court on Defendant Barbara Jean Robinson's Motion for Judgment on the Pleadings [DE 19], Plaintiff Texas Life Insurance Company's ("Texas Life") Motion for Default Judgment [DE 20], and Texas Life's Motion to Deposit Funds into the Court's Registry and for Dismissal [DE 21]. Having considered the matter fully, and being otherwise sufficiently advised, the undersigned will grant Defendant Robinson's Motion for Judgment on the Pleadings [DE 19], Texas Life's Motion for Default Judgment [DE 20], and Texas Life's Motion to Deposit Funds into the Court's Registry and for Dismissal [DE 21].

**FACTUAL AND PROCEDURAL BACKGROUND**

In February 2001, Texas Life issued Delmar Keen Robinson ("Decedent") a life insurance policy, policy number 000953186 ("the Policy"), with a death benefit in the amount of $75,000.00. [DE 1, at 3]. In the Policy application, Decedent initially

designated his son, Jeffery Dale Robinson, as the sole primary Policy beneficiary. *Id.* However, on April 12, 2003, Decedent submitted a change of beneficiary request designating Defendant Robinson, his then wife, as the sole primary Policy beneficiary. *Id.* Texas Life did not receive any further beneficiary designations. *Id.* On June 7, 2016, Decedent and Defendant Robinson divorced. *Id.* On August 6, 2018, Decedent passed away. *Id.*

On August 8, 2016, Defendant Cherri Crockett, Decedent's niece, called Texas Life to inform it of Decedent's death and claim the Policy proceeds on behalf of Decedent's Estate. *Id.* That same day, Defendant Crockett faxed a Decree of Dissolution showing Decedent and Defendant Robinson had, indeed, divorced on June 7, 2016. *Id.* However, the Decree of Dissolution did not contain a property settlement section indicating how the divorce would affect the Policy. *Id.* Additionally, on August 28, 2018, Texas Life received a copy of Decedent and Defendant Robinson's Separation Agreement, which also made no reference to the Policy. *Id.* at 4. On August 31, 2018, Defendant Robinson's daughter, Janice James, and Elsa Conner, Defendant Robinson's attorneys-in-fact, submitted a Claimants Statement to Texas Life asserting Defendant Robinson is entitled to the Policy proceeds. *Id.*

On September 11, 2018, Defendant Crockett contacted Texas Life to advise that she contested any potential payment of the Policy proceeds to Defendant Robinson and requested that the Policy

2

proceeds be paid to Decedent's Estate because the language found in either the Decree of Dissolution or the Separation Agreement allegedly disqualifies Defendant Robinson from receiving the Policy proceeds. *Id.* After Texas Life asked Defendant Crockett to submit her claim in writing multiple times, and Defendant Crockett failed to do so, on November 8, 2018, Texas Life sent written letters to both Defendants Crockett and Robinson advising them of the status and nature of their competing claims to the Policy proceed and giving them until November 16, 2018 to attempt to settle their competing claims without Texas Life resorting to an interpleader action. *Id.* at 4-5. On November 14, 2018, Janice James, acting on Defendant Robinson's behalf, faxed Texas Life a letter declining any and all offers to release her claim to the Policy proceeds and advising that she was prepared to go to Court on behalf of Defendant Robinson. *Id.* at 5.

In addition to Defendants Crockett and Robinson's competing claims, on August 13, 2018, Texas Life received an Assignment and Release in which Jeffery Dale Robinson assigned to Blackburn & Ward Funeral Home, Inc. ("Blackburn & Ward") the right to claim $7,988.00 from the Policy proceeds to pay for Decedent's funeral expenses. *Id.* While the Assignment and Release refers to Jeffery Dale Robinson as the "beneficiary" of the Policy, Texas Life asserts he was not the designated beneficiary of the Policy at the time of Decedent's death. *Id.*

Pursuant to Federal Rule of Civil Procedure 22, on December 5, 2018, Texas Life brought the present action seeking to interplead the life insurance proceeds of the Policy to determine who is lawfully entitled to the Policy funds. *Id.* at 1. The Complaint [DE 1] alleges Defendants Barbara Jean Robinson, Cherri Crockett, as Executor of the Estate of Delmar Keen Robinson, and Blackburn & Ward either have asserted or may assert competing claims to the Policy funds. *Id.* at 1-2. Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of Court entered default against Defendants Blackburn & Ward and Crockett because they failed to answer or otherwise respond to Texas Life's Complaint [DE 1]. [DE 15; DE 18].

On March 29, 2019, Defendant Robinson filed the present Motion for Judgment on the Pleadings [DE 19] requesting the Court find that due to Defendants Blackburn & Ward and Crockett's failure to defend, Defendant Robinson is entitled to the Policy proceeds. On April 1, 2019, Texas Life moved for a default judgment against Defendants Blackburn & Ward and Crockett requesting "entry of an order granting default judgment against defendants Blackburn Ward and Ms. Crockett, declaring that they are not entitled to any of the Policy benefits." [DE 20, at 3]. Also on April 1, 2019, Texas Life filed the present Motion to Deposit Funds into the Court's Registry and for Dismissal [DE 21] requesting Texas Life be granted "permission to deposit into the registry of this Court the death

benefit of $75,000.00, plus any applicable interest, payable by reason of the death of Delmar Keen Robinson . . . under the terms of [the Policy]." [DE 21, at 1]. Defendant Robinson does not oppose Texas Life's Motion for Default Judgment [DE 20] or Texas Life's Motion to Deposit [DE 21]. [DE 20, at 3; DE 21, at 4]. Furthermore, Texas Life's Motion to Deposit [DE 21] requests that upon deposit of the Policy proceeds, Texas Life be dismissed from this action with prejudice, "be discharged from further liability with respect to the Policy or the Policy proceeds[,]" and "that all Defendants be permanently enjoined from pursuing any further legal action or proceedings against Texas Life with respect to the Policy or the Policy proceeds." *Id.*

Texas Life is incorporated in Texas, and its principal place business is in Waco, Texas, Defendant Blackburn & Ward is a Kentucky corporation with a principal place of business in Versailles, Kentucky. [DE 19, at 5]. Both Defendants Robinson and Crockett reside in and are citizens of Kentucky. *Id.* The Policy is governed by North Dakota law. *Id.* (citing [DE 1-1, at 19]).

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be attacked for failure "to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

5

its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U. S. 544, 570 (2007)). "A motion to dismiss is properly granted if it is beyond doubt that no set of facts would entitle the petitioner to relief on his claims." *Computer Leasco, Inc. v. NTP, Inc.*, 194 F. App'x 328, 333 (6th Cir. 2006). When considering a Rule 12(b)(6) motion to dismiss, the court will presume that all the factual allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Total Benefits Planning Agency*, 552 F.3d at 434 (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

"The standard of review for a judgment on the pleadings [pursuant to Federal Rule of Civil Procedure 12(c)] is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 389 (6th Cir. 2007).

## **DISCUSSION**

"Pursuant to Federal Rule of Civil Procedure 22, '[p]ersons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the

6

plaintiff is or may be exposed to double or multiple liability.'" *U.S. v. High Tech. Prods., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007) (quoting Fed. R. Civ. P. 22(1)). "Interpleader is an equitable proceeding that 'affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding.'" *High Tech. Prods., Inc.*, 497 F.3d at 641 (quoting 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1704 (3d ed. 2001); *Tittle v. Enron Corp.*, 463 F.3d 410, 423 (5th Cir. 2006)). An interpleader action involves two stages.

"During the first stage, the court determines whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader." *High Tech. Prods., Inc.*, 497 F.3d at 641 (citing 7 Wright, Miller, & Kane, *supra,* at § 1714).

In Texas Life's Motion to Deposit Funds into the Court's Registry and for Dismissal [DE 21], it argues the first interpleader stage requirements are met due to the following:

> (1) this Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332; (2) there is a single fund at issue (*i.e.*, the Policy proceeds); (3) Defendants are adverse claimants to the Policy proceeds; (4) Texas Life is exposed to the threat of multiple liability based on the

7

> competing claims; and (5) there are no equitable concerns that prevent the use of interpleader (Texas Life is acting, and has acted, in good faith and it initiated this action once it determined that the competing claims would not be amicably resolved otherwise).

[DE 21, at 5]. As previously mentioned, Defendant Robinson, the only Defendant who has made an appearance in this case, does not oppose Texas Life's Motion to Deposit [DE 21], including Texas Life's explanation for why it meets the requirements for interpleader. The Court agrees with Texas Life and finds Texas Life has properly invoked interpleader.

Once the Court determines interpleader is available, "'it may issue an order discharging the stakeholder, if the stakeholder is disinterested, enjoining the parties from prosecuting any other proceeding related to the same subject matter, and directing the claimants to interplead . . . .'" *High Tech. Prods., Inc.,* 497 F.3d at 641 (citing 7 Wright, Miller, & Kane, *supra,* at § 1714). "[I]n a typical interpleader action, a disinterested stakeholder would deposit with the court the fund or property at issue and be discharged from further liability during the first stage of the action, before the court determined the relative possessory and ownership rights of the parties and distributed the fund or property." *High Tech. Prods., Inc.,* 497 F.3d at 642 n. 2 (citing 28 U.S.C. § 1335 ("requiring, as a basis for invoking statutory interpleader, that the stakeholder deposit with the court the fund

or property at issue or post a bond 'in such amount and with such surety as the court or judge may deem proper'")). "[I]n a statutory interpleader action, the district court 'may discharge the plaintiff from further liability[.]'" *High Tech. Prods., Inc.*, 497 F.3d at 642 (quoting 28 U.S.C. § 2361). Pursuant to 28 U.S.C. § 2361:

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court . . . . Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

28 U.S.C. § 2361. Accordingly, the Court will grant Texas Life's Motion to Deposit Funds into the Court's Registry and for Dismissal [DE 21].

"During the second stage, the court determines the respective rights of the claimants to the fund or property at stake via normal litigation processes, including pleading, discovery, motions, and trial." *High Tech. Prods., Inc.,* 497 F.3d at 641 (citing 7 Wright, Miller, & Kane, *supra,* at § 1714).

In Defendant Robinson's Motion for Judgment on the Pleadings [DE 19], she correctly asserts, "The Supreme Courts of both Kentucky and North Dakota have held that divorce does not affect a former spouse's status as an insurance policy beneficiary." [DE

19, at 5 (citing *Hughes v. Scholl,* 900 S.W.2d 606, 608 (Ky. 1995) ("[T]he rights of an insurance policy beneficiary, including the right to receive the policy's proceeds upon the insured's death, are not affected by the mere fact of a divorce between the beneficiary and the insured."); *Nunn v. Equitable Life Assur. Soc. of U.S.,* 272 N.W.2d 780, 782-83 (N.D. 1978) ("[T]he rights of a beneficiary are not affected by a divorce between the beneficiary and the insured."))]. Therefore, regardless of whether Kentucky or North Dakota law applies, Decedent and Defendant Robinson's divorce did not affect Defendant Robinson's entitlement to Decedent's Policy proceeds.

Additionally, Defendant Robinson correctly asserts, "A party in default is prohibited from making any further defense in the case regarding the party's liability." [DE 19, at 6 (citing *In re Chong,* 13 B.R. 465, 468 (Bankr. D. Haw. 1980); 46 Am. Jur. 2d Judgments § 223 (2019); *Hartwell v. Mahan,* 571 S.E.2d 252, 253-54 (N.C. Ct. App. 2002) ("The effect of an entry of default is that the defendant against whom entry of default is made is deemed to have admitted the allegations in plaintiff's complaint, and is prohibited from defending on the merits of the case."))]. Moreover, due to the Clerk of Court's entries of default against Defendants Blackburn & Ward and Crockett, Texas Life moves for a default judgment against both Defendants Blackburn & Ward and Crockett declaring they are not entitled to any Policy benefits. [DE 20, at

10

3]. The Court agrees with both Defendant Robinson and Texas Life. Since Defendants Blackburn & Ward and Crockett are prohibited from defending the merits of this case, presently, there are no valid claims that could expose Texas Life to double or multiple liability under Federal Rule of Civil Procedure 22(1). For the foregoing reasons, the Court will grant both Defendant Robinson's Motion for Judgment on the Pleadings [DE 19] and Texas Life's Motion for Default Judgment [DE 20].

Regarding Texas Life's request for injunctive relief, since both of Texas Life's Motions [DE 20; DE 21] are unopposed, and upon depositing the Policy proceeds into the Court's registry, Texas Life will have performed all duties and obligations pertaining to the death benefits, the Court will permanently enjoin Defendants from instituting or pursuing any state or federal court action for the recovery of the death benefits under the Policy or relating in any way to Texas Life's actions with respect to the handling of these claims.

## CONCLUSION

Therefore, having considered the matter fully, and being otherwise sufficiently advised,

**IT IS ORDERED** as follows:

(1) Defendant Robinson's Motion for Judgment on the Pleadings [DE 19] is **GRANTED;**

(2) Texas Life's Motion for Default Judgment [DE 20] is **GRANTED;**

(3) Texas Life's Motion to Deposit Funds into the Court's Registry and for Dismissal [DE 21] is **GRANTED;**

(4) **DEFAULT JUDGMENT** is issued against Defendants Blackburn & Ward and Crockett;

(5) Defendant Robinson is **ENTITLED** to the Policy proceeds of Decedent Delmar Keen Robinson;

(6) Defendants Blackburn & Ward and Crockett are **NOT ENTITLED** to the Policy proceeds of Decedent Delmar Keen Robinson;

(7) On or before June 27, 2019, Texas Life shall **DEPOSIT** the Policy proceeds of $75,000.00, plus any applicable interest, into the registry of the Court, and the Clerk of Court shall **ACCEPT** the Policy proceeds, including any applicable interest;

(8) Upon receiving the Policy proceeds, including any applicable interest, the Clerk of Court shall **ISSUE** a check in the amount of $75,000.00, plus any applicable interest, and **DELIVER** the check to Defendant Robinson's counsel, Jonathan L. Gay, in whatever manner the Clerk of Court deems most efficient;

(9) Texas Life is **DISMISSED WITH PREJUDICE** from the above-styled action and is **RELEASED** and **DISCHARGED** from any further liability with respect to the Policy, payment of the Policy's death benefits, or the deposited Policy's death benefits;

(10) Defendants and their respective agents, attorneys, representatives, heirs, executors, assigns, and all persons claiming through or under them, are **PERMANTLY ENJOINED** from instituting or pursuing any further state or federal court action for the recovery of the death benefits under the Policy or relating in any way to Texas Life's actions with respect to the handling of these claims;

(11) This is a **FINAL AND APPEALABLE ORDER;** and

(12) A separate judgment will this date be entered.

This the 28th day of May, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge